[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12937
Non-Argument Calendar

_____

Agency No. A97-621-592

LILIANA OROZCO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 15, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Liliana Orozco, a native and citizen of Colombia, through counsel, seeks review of the Board of Immigration's (BIA's) order dismissing her appeal of the Immigration Judge's (IJ's) order denying her application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), pursuant to INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

Orozco argues that she established a nexus between her claim and a protected ground by showing that the harm she suffered was the result of her unwillingness to collaborate with the Revolutionary Armed Forces of Colombia (FARC), which constitutes persecution based on her political opinion or social group. Orozco asserts that she suffered threats, mistreatment, and the kidnaping of her brother for defying the FARC, and the newspaper article she submitted corroborated her testimony. She argues that her brother's kidnaping was evidence of her imputed political opinion and established that she had a well-founded fear of persecution. Moreover, she argues that the IJ and the BIA erred in finding that it was unreasonable for her and her family to leave Colombia after her brother's kidnaping because they reacted to the situation as any reasonable family would have. According to Orozco, the IJ failed to articulate any decisional standard in reference to her persecution claim. Orozco claims that she showed that a

2

reasonable person in her circumstance would fear persecution if returned to Colombia. Accordingly, Orozco asserts that the IJ erred in not granting her asylum, withholding of removal, and CAT relief.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not explicitly adopt the IJ's findings, and thus we will review only the BIA's decision.

To the extent that the BIA's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar, 257 F.3d at 1283-84 (citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a "refugee." See INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. In order to carry this burden, the applicant must, with specific and credible evidence, establish "(1) past persecution on account of a statutorily listed factor, or (2) a 'well-founded fear' that the statutorily listed factor will cause future persecution." 8 C.F.R. § 208.13(a), (b); Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006).

In the case of persecution on account of political opinion, the political opinion must be held by the victim, not the persecutor. INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 816 (1992). In Elias-Zacarias, the Supreme Court held that persecution due to the refusal to cooperate with a guerilla group is not persecution on account of political opinion. Id. at 483, 112 S.Ct. at 816. Rather, the persecution must occur because the persecutor knows that the victim's refusal

4

to cooperate was due to political beliefs. Rivera v. U.S. Att'y Gen., 487 F.3d 815, 822 (11th Cir. 2007). Persecution based on failure to cooperate with an alleged persecutor is not sufficient to show this nexus. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) (addressing withholding of removal political opinion claim based on FARC's actions against Sanchez). Additionally, persecution based purely on retribution is also not persecution on account of political opinion. Id. (quoting Grava v. INS, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000)).

To establish eligibility for withholding of removal under the INA, the applicant must show that his life or freedom would be threatened based on a protected ground. Ruiz, 440 F.3d at 1257. "The burden of proof for withholding of removal, however, is 'more likely than not,' and, thus, is 'more stringent' than the standard for asylum relief." Id. (citation omitted). An applicant who fails to establish eligibility for asylum on the merits necessarily fails to establish eligibility for withholding of removal. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

To be entitled to relief under the CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 1208.18(a)(1).

We conclude that substantial evidence supports the BIA's determination that Orozco failed to show the required nexus between what happened to her in Colombia or what she fears will happen to her upon her return to Colombia and her political opinion. She testified that her problems, namely the FARC's threatening her with death and kidnaping her brother, were both the result of her refusing to provide them with information. She also testified that the FARC targeted her specifically because she had access to bank account information, not because of her political opinion. While she argued that her brother's kidnaping showed her imputed political opinion, she never asserted that his kidnaping was a result of her political opinion. The record supports a finding that the FARC threatened Orozco and kidnaped her brother because she would not help them in a bank scheme, and refusing to cooperate with a guerilla group is not persecution on account of political opinion. Accordingly, Orozco failed to demonstrate that she was

6

persecuted on account of a protected ground and thus failed to meet the standard for asylum and withholding of removal.

Substantial evidence also supports the BIA's finding that Orozco failed to meet the standard for relief under the CAT because she did not testify or assert that the mistreatment she feared upon returning to Colombia would be at the instigation or with the acquiescence of the Colombian government.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

**PETITION DENIED.**